[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15268
Non-Argument Calendar

_____

BIA Nos. A79-443-200 & A79-443-201

GRAMOS RAMAJ,
KEKERET RAMAJ, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

(May 4, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioners Gramos Ramaj ("Gramos"), Kekeret Ramaj ("Kekeret"), Elvis

Ramaj ("Elvis"), Flutura Ramaj ("Flutura"), and Alona Ramaj ("Alona")

(collectively "Ramajs" or "Petitioners"), through counsel, petition for review of

the Board of Immigration Appeals' ("BIA's") dismissal of their appeal from the immigration judge's ("IJ's") removal order. On appeal, the petitioners argue that the BIA erred by denying their motion to reopen based upon ineffective-assistance-of-counsel.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review of a denial of a motion to reopen in removal proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (citations omitted). Motions to reopen are, however, disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

"It is well established that aliens enjoy the right to the effective assistance of counsel in deportation proceedings." *Gbaya v. U.S. Atty. Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003) (internal quotations and citation omitted). "To establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the hearing." *Id.* (internal quotations and citation omitted). The BIA has required that, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the alien must (1) submit an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting that the prior counsel's handling of the case violated ethical or legal responsibilities, state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA).

We have held that "[t]he BIA does not abuse its discretion by filtering ineffective assistance of counsel claims through the screening requirements of *Lozada*." *Gbaya*, 342 F.3d at 1223. In *Gbaya*, we affirmed the denial by the BIA of a petitioner's motion to reopen based upon ineffective-assistance-of-counsel where the petitioner failed to: (1) submit an affidavit attesting to the relevant facts and his agreement with his former counsel, (2) inform his former counsel of the

3

allegations and give him an opportunity to respond, and (3) present evidence that a complaint had been filed with the bar association, holding that the petitioner had failed to substantially comply with the requirements of *Lozada*. *Id.* at 1221-23.

Because the record demonstrates that the petitioners failed to: (1) submit an affidavit attesting to the relevant facts and their agreement with their former counsel, (2) inform their former counsel of the allegations and give her an opportunity to respond, and (3) present evidence that a complaint had been filed with the bar association, we conclude that the BIA did not abuse its discretion by denying the petitioners' motion to reopen based upon a claim of ineffective-assistance-of-counsel.

The petitioners next argue that the IJ abused her discretion by denying their motion for a continuance to have documents, which were written in their native Albanian, translated into English.

We review an IJ's denial of a motion for a continuance for an abuse of discretion. *See Olvera v. INS*, 504 F.2d 1372, 1374 (5th Cir. 1974); *see also Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004). Federal regulations require that:

> Any foreign language document offered by a party in a proceeding
> shall be accompanied by an English language translation and a
> certification signed by the translator that must be printed legibly or

4

typed. Such certification must include a statement that the translator is competent to translate the document, and that the translation is true and accurate to the best of the translator's abilities.

8 C.F.R. § 1003.33

Because the record demonstrates that petitioners never moved the IJ for a continuance in order that their documents could be translated, we conclude that the IJ could not have abused her discretion.

Finally, the petitioners argue that the IJ's decision denying them asylum was not supported by substantial evidence.

The BIA's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." *Mazariegos v. U.S. Attorney Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). If the applicant meets this burden, then the Attorney General may exercise his discretion to grant the applicant asylum. *Id.*

An alien is entitled to asylum if he can establish, with specific and credible evidence: (1) past persecution on account of his membership in a particular social group, or other statutorily listed factor; or (2) a "well-founded fear" that his membership in a particular social group, or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Najjar*, 257 F.3d at 1287. "[A]n applicant must demonstrate that his her fear of persecution is subjectively genuine and objectively reasonable." *Najjar*, 257 F.3d at 1289. Establishing a nexus between the statutorily listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he will be *singled out* for persecution on account of" the statutorily listed factor. *Id.* at 1287 (internal quotation omitted). If the alien demonstrates past persecution, he is

6

presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R § 208.13(b)(1).

If, however, the alien does not establish past persecution, he bears the burden of showing a well-founded fear of future persecution by showing that (1) he fears persecution based on his nationality, or other protected factor, (2) there is a reasonable possibility that he will suffer persecution if removed to his native country, and (3) he could not avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.13(b)(2), (3)(i).

After reviewing the record, we conclude that substantial evidence supports the BIA's decision denying asylum, as petitioners failed to show that they were persecuted on account of a statutorily protected ground.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**